UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES L. KEEN,<br>               Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br>               Defendant. | Civil Action 98-02658 (HHK) |

MEMORANDUM OPINION

Before the court are the renewed motion of defendant, the Federal Bureau of Investigation ("FBI"), for summary judgment [#46] and the motion of plaintiff, James L. Keen, for an order to compel compliance [#52] with a prior order of the court.

I. BACKGROUND

This case involves a Freedom of Information Act ("FOIA") request for documents submitted in 1997 by Keen to FBI. The history of the dispute relevant to the present motions is as follows: Since submitting his FOIA requests, Keen has tangled with FBI over a series of partial document releases and the fees assessed therefor. As of March 2005, Keen had made all the requested payments for documents FBI had produced, and FBI considered his request open. On March 4 and 31, 2005, FBI produced two releases of documents, the latter of which FBI deemed the final release of documents responsive to Keen's FOIA request. In a notice accompanying the March 31 release, FBI assessed duplication fees totaling $57.20 (for both

1

releases) and notified Keen that he had a right to appeal regarding the release. Pl.'s Opp'n, Ex. A (FBI Ltr. to Keen, March 31, 2005). Keen submitted an administrative appeal to the United States Department of Justice Office of Information and Privacy ("OIP"), in which he challenged $18.90 of the fees assessed for documents he contends were duplicative and/or nonresponsive, and requested a recalculation. Pl.'s Opp'n, Ex. B (Keen Appeal to OIP, Apr. 13, 2005). On May 4, 2005, OIP sent Keen notice that his appeal was pending, Pl.'s Opp'n, Ex. C (OIP Ltr. to Keen, May 4, 2005), and on November 7, 2005, OIP notified Keen that because "the subject of [Keen's] appeal is also a subject of litigation . . . any action by this Office would be inappropriate," and OIP had therefore closed the appeal. Def.'s Reply, Ex. 1 (OIP Ltr. to Keen, Nov. 7, 2005) (citing 28 C.F.R. § 16.9(a)(3)).[1]

Defendant argues that because Keen has failed to pay the duplication fees associated with his FOIA request, he has not exhausted his administrative remedies, and thus his complaint must be dismissed. Keen responds that he has filed an appropriate appeal of FBI's request for payment of duplication fees, and thus he has exhausted his administrative remedies. Keen also asserts that FBI has not properly decided his appeal, which sought an assessment regarding and relief from duplication fees Keen believes were duplicative and/or nonresponsive to his FOIA request. *See* Pl.'s Ex. B. He therefore seeks an order compelling review and approval of his appeal.

## II. ANALYSIS

The court's first task is to determine whether Keen has exhausted his administrative remedies, as a failure to do so on his part would warrant dismissal. *Dettmann v. U.S. Dep't of*

---

[1] Based on the history of events presented by the parties, the court concludes that the only remaining dispute before the court for review is that arising from the March 2005 document releases to Keen.

*Justice*, 802 F.2d 1472, 1477 (D.C. Cir.1986). As the D.C. Circuit has observed, "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 66 (D.C. Cir. 1990). The exhaustion requirement applies not only before the filing of a lawsuit—the obligation to pay reasonable fees (or to appeal from the refusal to waive those fees) exists "[r]egardless of whether the plaintiff 'filed' suit before or after receiving a request for payment." *Trueblood v. U.S. Dep't of Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996) (citing *Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir. 1995)); *see also Farrugia v. Executive Office for U.S. Attorneys*, 366 F. Supp. 2d 56, 57 (D.D.C. 2005) (quoting *Trueblood*); *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 50 (D.D.C. 2003) ("Although the IRS's fee assessment came after the filing of this lawsuit, plaintiff is obligated nonetheless to pay the fee or to seek from the agency either a fee waiver or a fee reduction.").

It is undisputed that Keen has not paid the required fees. The question therefore is whether he has met the exhaustion requirement via his administrative appeal. Assuming *arguendo* that Keen's administrative appeal qualifies in general as an "appeal from the refusal to waive fees" (or as its substantive equivalent), *see Oglesby*, 920 F.2d at 66, it is only a partial appeal: Keen's letter to OIP dealt solely with a portion ($18.90) of the $57.20 of fees assessed for the final document release. He did not appeal regarding or otherwise dispute the fact that he owed the $38.30 FBI assessed for the remaining portion of documents. *See* Pl.'s Ex. B at 1–2. In his appeal letter, Keen did assert that until the appeal was processed, he was "not legally obligated to make [any] payment for the release of [any of the] documents." *Id.* at 2. He did not, however, provide any authority for this proposition, nor does he do so now. Whatever merit

Keen's appeal presented regarding the disputed portion of the released documents, he did not dispute the legitimacy of the fees for the remaining portion.

Mindful that "[s]trict enforcement of the exhaustion doctrine is favored in FOIA cases," *Center to Prevent Handgun Violence v. U.S. Dep't of Treasury*, 981 F. Supp. 20, 23 (D.D.C. 1997), the court holds that because Keen has failed to pay that portion of the fees demanded of and undisputed by him, he has not exhausted his administrative remedies regarding them. *See Trueblood*, 943 F. Supp. at 68.

The court will now turn to Keen's dispute regarding the remaining documents. *See Dettmann*, 802 F.2d at 1477 ("[A] plaintiff may have exhausted administrative remedies with respect to one aspect of a FOIA request—and thus properly seek judicial review regarding that request—and yet not have exhausted her remedies with respect to another aspect of a FOIA request."). Keen challenges OIP's denial of his appeal on the ground that OIP improperly invoked 28 C.F.R. § 16.9(a)(3) ("An appeal ordinarily will not be acted on if the request becomes a matter of FOIA litigation."). Whether OIP properly invoked that regulation, though, is immaterial to Keen's underlying fee dispute. What he seeks, at bottom, is a reconsideration of the fees assessed against him. Assuming that Keen's appeal served to administratively exhaust his fee-related claims,[2] he may seek redress from the court as to the fees, regardless of the

---

[2] For purposes of the present motions, the court assumes, without deciding the question, that Keen's appeal is the substantive equivalent of an "appeal from the refusal to waive fees." *See Oglesby*, 920 F.2d at 66. The court will also assume *arguendo* that Keen's appeal to OIP renders this action one "regarding the waiver of fees under [§ 552(a)(4)]," 5 U.S.C. § 552(a)(4)(vii), and therefore reviews the fee assessment *de novo*. *See id.* (providing for *de novo* review of fee waiver determinations).

government's response to his appeal.³  The court will therefore construe his *pro se* motion as one seeking judicial review of the underlying fee assessment and address the merits of that assessment.

Viewing the record in the light most favorable to Keen, the court finds that FBI did not act improperly in releasing the questioned documents and assessing fees for those documents. Keen takes issue with a number of duplicate copies of documents, blank pages, and documents he alleges are not relevant to his request.  Pl.'s Ex. B at 1–2.  FBI's obligation in responding to his request, however, was only to release responsive records containing relevant documents, even if those records also contain duplicates or documents that, on their face, might not be obviously relevant to the underlying FOIA request.  As the D.C. Circuit has noted:

> [V]aluable government information tends not to be freestanding; few files contain neatly segregated "substantive" documents shorn from their administrative accompaniments. Congress presumably did not intend agencies to pick through responsive records to determine the percentage of the record that contains interesting morsels and to deem the remainder of the record irrelevant.

*Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 36 (D.C. Cir. 1998); *see also* Def.'s Mot. to Subst. the U.S. as the Sole Def. and for Summ. J., Ex. B (FBI Ltr. to Keen, Sept. 11, 1997) at 1 (describing Keen's request as one for "records" concerning him).  Keen does not dispute that the documents with which he takes issue were duplicated from records responsive to his request. Rather, he takes issue with FBI's choice not to pick through the responsive records to separate out each individual responsive piece of paper from its nonresponsive counterparts.  This is his task, not FBI's.  *See id.* (responsibility "fall[s] to the requester[,] . . . rather than the FBI, to parse

---

³ The notice sent to Keen with the final document release informed him that he could submit an appeal.  Pl.'s Ex. A at 1.  In turn, the Department of Justice's FOIA regulations provide that a requester may appeal to OIP if she is dissatisfied "in any respect" with an "adverse determination" by the responding governmental entity.  28 C.F.R. § 16.9(a).

the wheat from the chaff").[4]  If FBI had burdened Keen with inordinate amounts of irrelevant documents, its assessment might have been improper, but that is not the case here.  FBI's fee assessments were appropriate.

### III. CONCLUSION

For the aforementioned reasons, the court concludes that defendant's motion for summary judgment must be granted and plaintiff's motion to compel must be denied.[5]  An appropriate order dismissing the case accompanies this memorandum opinion.

                                                    Henry H. Kennedy, Jr.
                                                    United States District Judge

Date: September 29, 2006

---

[4] Indeed, FBI might have acted improperly had it *not* produced the complete files.  Releasing complete records provides requesters with a holistic picture of an individual document's context, and a requester receiving a complete record may glean otherwise unavailable information about a document based on its placement within the file and its proximity to other documents.

[5] The court notes, without deciding the question, that there may not be any remaining dispute between the parties regarding FBI's response to Keen's underlying FOIA request.  FBI has repeatedly characterized the March 2005 releases as the final responsive batches of documents, and Keen has not challenged this characterization, either in his appeal letter to OIP or in his filings with the court.  And though the fees remain disputed, FBI has not sought injunctive or declaratory relief regarding Keen's obligation to pay them; rather, it points to the fee dispute only to support its argument for dismissal on exhaustion grounds.